*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
HOLIFIELD, KIRKBY, and GANNON
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**William E. BROWN**
Information Systems Technician Chief Petty Officer
(E-7) U.S. Navy
*Appellant*

**No. 202300221**

_____

Decided: 19 February 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Benjamin C. Robertson
Adam M. King (Entry of Judgment)

Sentence adjudged 4 May 2023 by a general court-martial tried at Fleet
Activities Yokosuka, Japan, consisting of a military judge sitting alone.
Sentence in the Entry of Judgment: reduction to E-6 and confinement
for forty-two months.[1]

---

[1] Appellant was credited with 156 days of confinement credit.

For Appellant:
*Lieutenant Jesse B. Neumann, JAGC, USN*

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*
*Commander Jeremy R. Brooks, JAGC, USN*

———————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————

PER CURIAM:

Appellant was convicted, consistent with his pleas, of two specifications of battery upon a child under the age of sixteen, in violation of Article 128, Uniform Code of Military Justice [UCMJ].[2]

Appellant invites us to extend our holding in *Wadaa* and require the summary of offense portion of the Entry of Judgment [EOJ] to identify the named victim and to include the location of the offense. We decline to do so. Appellant also argues that the disposition of three charged offenses was incorrectly annotated on the EOJ. We disagree. However, we agree with Appellant that the EOJ in his case is incorrect in that it did not document his request for, and the convening authority's approval of, deferment and waiver of automatic forfeitures. We find no prejudicial error, but modify the EOJ and direct that it be included in the record.[3]

## I. BACKGROUND

Appellant was charged with numerous offenses relating to inappropriate sexual activity with his thirteen-year-old stepdaughter. Prior to trial, Appellant moved to dismiss three offenses, Specifications 3, 4, and 5 of the Additional Charge, because, in his view, those specifications were multiplicious with the

---

[2] 10 U.S.C. § 928.

[3] We also correct the dates on a number of the specifications on the referred charge sheet to accurately reflect the pen changes made on 3 January 2023.

Sole Specification of the Charge and Specifications 1 and 2 of the Additional Charge.[4] The military judge agreed and dismissed those specifications.[5]

Appellant subsequently entered into a plea agreement with the convening authority. Appellant agreed to plead guilty to two specifications of unlawfully touching his stepdaughter's waist. The agreement included Appellant's request for, and the convening authority's approval of, deferment and waiver of automatic forfeitures pursuant to Articles 57 and 58b(a)(1), UCMJ. Appellant pleaded guilty in accordance with the plea agreement.

In the EOJ, the military judge summarized the offenses that Appellant pleaded guilty to as follows:

> Additional Charge II: Violation of Article 128, Uniform Code of Military Justice 10 U.S.C. § 928
>
> Specification 1: Battery upon a child under the age of 16 on or about 8 April 2021
>
> > Plea: Guilty.
> > Finding: Guilty.
>
> Specification 2: Battery upon a child under the age of 16 on or about 3 April 2021
>
> > Plea: Guilty.
> > Finding: Guilty.[6]

As for the dismissed charges, the military judge recorded the finding as "dismissed without prejudice by the court on 20 December 2022."[7]

---

[4] App. Ex. XXVI.

[5] App. Ex. LXXXV

[6] Entry of Judgment [EOJ]. The EOJ correctly accounted for all offenses referred to trial.

[7] EOJ; *see also* App. Ex. LXXXV.

## II. DISCUSSION

Whether a record of trial is accurate and complete is a question we review de novo.[8] An appellant is entitled to have a record of trial that is accurate and complete.[9]

Article 60c, UCMJ, requires the military judge in a general or special court-martial to enter "into the record of trial the judgment of the court."[10] This entry is known as the EOJ, and it terminates the court-martial at the trial level.[11] Article 60c requires the EOJ to include the results at trial, but otherwise empowers the President to prescribe additional requirements.[12] The President established Rule for Courts-Martial [R.C.M.] 1111(b), which states that the EOJ must include "a summary of each charge and specification" and "the findings or other disposition of each charge and specification accounting for any modifications made by reason of any post-trial action by the convening authority or any post-trial ruling, order, or other determination by the military judge."[13]

In *United States v. Wadaa*, we held that "a summary of each charge and specification" must include: (1) the Article of the UCMJ for each Charge; (2) any subsection, if applicable, for each specification; (3) the nature of the offense, and (4) the date of the offense.[14] In our analysis, we noted that neither Article 60c nor R.C.M. 1111(b) require a "verbatim recitation of each specification."[15] We held that the four requirements articulated in *Wadaa* "meet the minimum requirements and identif[ies] with specificity the disposition of each of the charges and specifications referred to trial."[16]

---

[8] *United States v. Wadaa*, 84 M.J. 652, 654 (N-M. Ct. Crim. App. 2024) (citation omitted).

[9] *Id.* at 653.

[10] 10 U.S.C. § 860c.

[11] R.C.M. 1111(a)(2).

[12] 10 U.S.C. § 860c.

[13] R.C.M. 1111(b).

[14] 84 M.J. at 655. In cases involving a violation or failure to obey a lawful general order, the nature of the offense must identify the lawful general order and the specific paragraph of the order violated. *Id.*

[15] *Id.*

[16] *Id.*

Appellant asks us to extend the four requirements of *Wadaa* to include: (1) identifying the victim and (2) identifying the location of the offense.[17] While this information can be included, we reiterate that it is not required. Adding the location of the offense and the identity of the victim to the summary of the offense would essentially require a recitation of each specification, which we expressly rejected in *Wadaa.* We find no reason to question that decision.

Appellant also argues that the EOJ in this case incorrectly captures the disposition of Specifications 3, 4, and 5 of The Additional Charge because the military judge did not note that the offenses were dismissed as "multiplicious."[18] We disagree. R.C.M. 1111(b) only requires the EOJ to include the "disposition" of the offense and we decline to read into the rule a requirement for the EOJ to state the exact grounds for dismissal. Even if we did, the military judge's reference to the trial court's order on 20 December 2022 provides sufficient information to guard against any potential future prosecution.[19]

Appellant correctly notes that the EOJ fails to account for the convening authority's action in deferring and waiving automatic forfeitures. We take appropriate action in our decretal paragraph.

---

[17] Appellant's Br. at 3–5.

[18] Appellant's Br. at 3–5.

[19] *United States v. Cardenas,* 80 M.J. 420, 423 (C.A.A.F. 2021) ("Multiplicity is grounded in the Double Jeopardy Clause of the Fifth Amendment, which prohibits multiple punishments for the same offense.") (internal quotations omitted).

### III. CONCLUSION

We modify the EOJ to account for Appellant's request to waive and defer automatic forfeitures and the convening authority's approval of that request. We direct that the modified EOJ be included in the record.

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[20]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[20] Articles 59 & 66, UCMJ.

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202300221 |
| v. | **ENTRY OF JUDGMENT** |
| **William E. BROWN** Information Systems Technician Chief Petty Officer (E-7) U.S. Navy | |
| *Accused* | *As Modified on Appeal* |
| | **19 February 2025** |

On 4 May 2023, the Accused was tried at Fleet Activities Yokosuka, Japan, by a general court-martial, consisting of a military judge sitting alone. Military Judge Benjamin C. Robertson presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge:** **Violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld.

**Specification:** **Rape of a child who had attained the age of 12 years but had not attained the age of 16 years on divers occasions from on or about 1 March 2023 to or about 13 April 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld.

**Additional Charge:** **Violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld.

**Specification 1:** **Commit a sexual act upon a child who had attained the age of 12 years but had not attained the age of 16 years on divers occasions from on or about 1 March 2021 to on or about 13 April 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld.

**Specification 2:** **Commit a sexual act upon a child who had attained the age of 12 years but had not attained the age of 16 years on or about 4 April 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld.

**Specification 3:** **Commit a sexual act upon a child who had attained the age of 12 years but had not attained the age of 16 years on divers occasions from on or about 1 March 2021 to on or about 13 April 2021.**

*Plea:* Not Guilty.

*Finding:* Dismissed without prejudice by the court on 20 December 2022.

**Specification 4:** **Commit a sexual act upon a child who had attained the age of 12 years but had not attained the age of 16 years on divers occasions from on or about 1 March 2021 to on or about 13 April 2021.**

*Plea:* Not Guilty.

*Finding:* Dismissed without prejudice by the court on 20 December 2022.

**Specification 5:**     **Commit a sexual act upon a child who had attained the age of 12 years but had not attained the age of 16 years on or about 4 April 2021.**

*Plea:* Not Guilty.

*Finding:* Dismissed without prejudice by the court on 20 December 2022.

**Specification 6:**     **Commit a lewd act upon a child who had attained the age of 12 years but had not attained the age of 16 years on divers occasions from on or about 1 March 2021 to on or about 13 April 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld.

**Specification 7:**     **Commit a lewd act upon a child who had attained the age of 12 years but had not attained the age of 16 years on divers occasions from on or about 1 March 2021 to on or about 13 April 2021.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed without prejudice to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld.

**Additional Charge II:**     **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 1:**     **Battery upon a child under the age of 16 on or about 8 April 2021.**

*Plea:* Guilty.

*Finding:* Guilty.

**Specification 2:**     **Battery upon a child under the age of 16 on or about 3 April 2021.**

*Plea:* Guilty.

*Finding:* Guilty.

## SENTENCE

On 4 May 2023, a military judge sentenced Information Systems Technician Chief Petty Officer (ITC) Brown to the following:

**Reduction to pay grade E-6.**

**Confinement for a total of forty-two months.**

> *Specification 1 of Additional Charge II: confinement for twenty-four months.*
>
> *Specification 2 of Additional Charge II: confinement for eighteen months.*
>
> *Confinement will run consecutively.*

*ITC Brown received 156 days of confinement credit.*

On 25 May 2023, as part of the plea agreement signed on 14 March 2023, the convening authority approved ITC Brown's request to defer and waive automatic forfeitures pursuant to Articles 57 and 58b, UCMJ. The period of deferment will run from the date on which automatic forfeiture of pay and allowances become effective until Entry of Judgment, and the period of waiver will run for six (6) months from the date of Entry of Judgment.

The convening authority took no further action on the sentence.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court